IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEWAYNE GRIFFIN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-cv-382-MJR |
| | ) |
| **KEVILL GILSON, et al.,** | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner, a frequent filer currently incarcerated in the Lawrence Correctional Center,[1] seeks a writ of habeas corpus. He also seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 2). Even though Petitioner has accrued "3 strikes" under 28 U.S.C. § 1915(g), Petitioner can proceed *in forma pauperis* in this habeas corpus action. *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000) ("[i]f a case is properly filed as an action under 28 U.S.C. §§ 2241, 2254, or 2255, it is not a 'civil action' to which the PLRA applies") .

Liberally construing the petition, Petitioner was convicted of burglary in the Circuit Court for Cook County, Illinois, in 2005 and sentenced to 9 years imprisonment. Petitioner states that he was due to be released from the custody of the Illinois Department of Corrections on January 6,

---

[1] Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Griffin v. Psexico*, Case No. 1:06-cv-02566 (N.D. Illinois, dismissed for failure to state a claim June 2, 2006); *Griffin v. Blagojevich*, Case No. 06-315-MJR (S.D. Illinois, dismissed as frivolous August 8, 2006); *Griffin v. Blagojevich*, Case No. 06-318-DRH (S.D. Illinois, dismissed as frivolous January 3, 2007).

2008, but on December 6, 2007, while he was confined at the Western Illinois Correctioanl Center, he was falsely charged with assault. As a result, Petitioner was transferred to Pontiac Correctional Center and "the Adjustment Committee at [Pontiac Correctional Center] proceeded to have three false made up illegal criminal court proceeding hearing trials . . . against the Petitioner . . . sentenc[ing] the Petitioner to 3 years . . . imprisonment and 3 years . . . in segregation."

For exhaustion, Petitioner states only that he filed grievances with the Illinois Department of Corrections with regard to the "wrongful assault" and "wrongful segregation," but that the matter is still "pending."

**DISCUSSION**

A state prisoner, like Petitioner, who seeks federal habeas relief challenging either a conviction or disciplinary action[2] is first required to present his claims to the state courts. *See Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). In the case at hand, Petitioner states that he only has presented his claims through the Illinois prison grievance system, which is not sufficient to exhaust his remedies. Although failure to exhaust administrative remedies is usually an affirmative defense when, as here, it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007).

Even if Petitioner did exhaust his remedies, the Court would still deny Petitioner relief based on the allegations in the instant petition. The Court notes that Petitioner presented these same claims in a habeas petition filed with the United States District Court for the Central District of Illinois. *See Griffin v. Eddie Jones*, Case No. 09-cv-1298 (C.D. Ill.). The Central District concluded that

---

[2]The petition seems to suggest that the 3 years was an additional sentence imposed by a state court, but Petitioner does not reference a state court case to that effect. It is possible that Petitioner's release date on his original 9 year sentence was extended 3 years.

Petitioner's allegations did not make out a cognizable claim for relief under 28 U.S.C. § 2241 or 28 U.S.C. §2254.  This Court agrees with the Central District: without more, a claim of being "falsely" charged and convicted does not state a claim for habeas corpus relief.

### DISPOSITION

Accordingly, Petitioner's motion to proceed *in forma pauperis* is **GRANTED,** but the instant petition for a writ of habeas corpus is **DISMISSED,** without prejudice.  All pending motions are **DENIED** as moot.   The Clerk is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED this 11th day of December, 2009.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**