IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEWAYNE GRIFFIN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-382-MJR |
| | ) |
| **KEVILL JOHNSON,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

      This matter is before the Court on Petitioner's Notice of Appeal (Doc. 10). Petitioner is a state prisoner currently confined at Lawrence Correctional Center. Petitioner's habeas petition was ostensibly filed under 28 U.S.C. § 2241 and, the Court notes, that there is some uncertainty whether Petitioner is challenging an extension of his release date on his underlying state sentence (for example, due to a loss of good time credits) or whether he is challenging the imposition of additional sentences. Regardless of whether Petitioner is challenging the extension of his release date or the imposition of additional state sentences, though, his petition proceeds under 28 U.S.C. § 2254, not § 2241. *See Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). Consequently, Petitioner cannot take an appeal from the dismissal of his habeas petition unless he obtains a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1). The Court construes the Notice of Appeal as a request for a Certificate of Appealability. *See* Fed. R. App. Proc. 22(b)(1). For the reasons stated below, the request for a Certificate of Appealability is denied.

      A Certificate of Appealability may only be issued where the Petitioner "has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but Petitioner must show "something more that the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. At 338 (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, petitioner may request that a circuit judge issue the Certificate. Fed. R. App. Proc. 22(b)(1)-(3).

On December 11, 2009, this Court dismissed Petitioner's habeas corpus petition without prejudice because it plainly appeared from the allegations of the petition that Petitioner was not entitled to habeas relief. *See* Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts. Petitioner appeared to allege that employees of the Illinois Department of Corrections falsely charged him with assault and that he was subjected to "criminal court proceeding trials" and "3 years . . . in segregation." Petitioner expressly stated that he had presented his claims only through the inmate grievance system and that his grievances were still pending at the time he filed the petition. Based on these allegations, the Court found the petition failed to state a claim upon which relief may be granted. Accordingly, the petition was dismissed without prejudice.[1]

In his Notice of Appeal, construed as a request for a Certificate of Appealability, Petitioner has made no showing that the Court's decision was debatable or incorrect. Furthermore, the Court has reviewed its Order dismissing Petitioner's habeas corpus petition and finds no basis for a

---

[1]This Court also noted that even if Petitioner has exhausted his remedies, the petition still failed to state a claim upon which relief may be granted.

determination that the decision was debatable or incorrect. Therefore, Petitioner's request for a Certificate of Appealability (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 4th day of January, 2010.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**